IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEONSEY LONTE JOHNSON,

      Petitioner,

v.                                                              CASE NO. 3:15-cv-261-RV-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to an Amended Petition, ECF No. 8.  Respondent filed the instant Motion to Dismiss Petition for Writ of Habeas Corpus and Answer, ECF No. 24.  Petitioner did not reply by the original due date of April 9, 2016.  The Court granted Petitioner's untimely motion for extension of time to reply, ECF No. 28, and ordered Petitioner to respond by June 8, 2016.  The Court granted a second motion for extension of time, and extended the response time to August 7, 2016.  ECF No. 32.

Upon further consideration of the Petition, Respondent's motion, and the state court record submitted in response to the motion, the Court finds

that the threshold matter of the timeliness of the Petition is straightforward and may be resolved on the basis of the Petition and the record submitted by Respondent without further briefing.  Petitioner concedes on the face of the Petition and in his supporting brief that it is untimely, but asserts that he is nevertheless entitled to relief under the "miscarriage of justice" exception pursuant to *McQuiggan v. Perkins*, 133 S.Ct. 1924 (2013), and pursuant to *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012).  ECF No. 8 at 25.  Petitioner briefed this argument in anticipation of Respondent's motion to dismiss, and therefore the Court is not persuaded that further briefing of the issue of timeliness is useful or necessary.  The motion to dismiss was filed on February 19, 2016, and Petitioner has had ample time to provide any additional argument that he did not already make in his brief in support of his claim to an equitable exception to the time-bar.  The Court finds that Petitioner's right to make any additional arguments related to the timeliness of the petition will be fully protected by his opportunity to object to the findings set forth herein.  Accordingly, the order granting Petitioner a further extension of time until August 7, 2016, to reply will be withdrawn.  For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion. ECF No. 24. A jury convicted Petitioner of burglary of a dwelling while armed, two counts of armed robbery, and one count of simple robbery. Petitioner was sentenced to life in prison on the burglary and armed robbery convictions and fifteen years for the simple robbery conviction. The evidence against Petitioner included collateral crimes evidence, which the trial court instructed could be considered only for the purposes of proving motive, intent, or plan. *Id*. Exh. B at 198-99; Exh. A at 109-13; 155-63.

Petitioner appealed, arguing, *inter alia,* that the trial court reversibly erred in admitting the collateral crime evidence.  *Id*. Exh. C. At 12-22.  The First DCA affirmed *per curiam* without written opinion; rehearing was denied on May 29, 2008.  *Id*. Exh. H.  Petitioner's conviction became final 90 days later, on August 27, 2008, when the time for seeking certiorari review in the U.S. Supreme Court expired.  *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir.  2006).

On April 6, 2009, Petitioner filed a motion for postconviction relief. ECF No. 24, Exh. I.  At that point, 222 days of the federal one-year limitations period had elapsed.  The motion was denied without an evidentiary hearing.  The First DCA affirmed *per curiam* without written opinion; rehearing was denied and the mandate issued on July 23, 2010. *Id.*  Exh. M, N.  While this appeal was pending, Petitioner sought to supplement his state trial court pleadings.  The trial court dismissed the motion, Petitioner appealed, and the First DCA affirmed *per curiam* without written opinion on November 9, 2010.  *Id*. Exh. O, P, Q.  At this point, Petitioner had 143 days of untolled time remaining in his federal habeas corpus limitations period.

Also while the above matters were pending in state court, on June 16, 2010, Petitioner filed a petition for writ of habeas corpus in state court

alleging ineffective assistance of appellate counsel.  *Id.* Exh. R.  The First

DCA denied the motion on August 25, 2010.  *Id*. Exh. S.

After November 9, 2010 – the latest date on which the above matters

were pending in state court – Petitioner filed no further state court

postconviction motions until almost a year later on October 26, 2011, when

he filed, through counsel, a motion for postconviction relief.  *Id*. Exh. T.  At

that point, the federal limitations period had expired.  The motion was

denied as successive, and the trial court denied reconsideration.  *Id*. Exh.

U, V, W.  Petitioner filed other postconviction motions in state court, but

because the federal limitations period had expired they did not serve to toll

the limitations period.  *See* Exh. X, DD, FF.

The instant federal habeas corpus petition was filed on June 8, 2015.

*See* ECF No. 1 (date of filing of original petition).  Petitioner filed an

Amended Petition to cure deficiencies in the original petition.  *See* ECF No.

8.  Petitioner asserts one claim for relief: the trial court reversibly erred in

admitting collateral crime evidence of carjacking, and it was error to do so

because two days after the trial in this case Petitioner was acquitted of the

carjacking.  Petitioner contends that the fact of the acquittal was never

brought to the appellate court's attention, effectively depriving him of

counsel.  ECF No. 8 at 5, 6.  Petitioner concedes that the Petition is time-

barred, but asserts that this Court has the power to grant him equitable relief from the time-bar because this is his first habeas corpus petition and his claim should be heard pursuant to the miscarriage-of-justice exception. Petitioner contends that the Respondent should be precluded from asserting the time-bar against him under the doctrines of "estoppel" and "unclean hands" because the state is the cause of the error complained of in the Petition, and the state, in Petitioner's direct appeal, failed to disclose that Petitioner had been acquitted of the carjacking charge. *Id*. at 49-52.

## Discussion

Petitioner contends that his conviction amounts to a fundamental miscarriage of justice such that he should benefit from the equitable exception to AEDPA's one-year time limit set forth in *McQuiggin*.  In *McQuiggin*, the Supreme Court  held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."   *McQuiggin*, 133 S.Ct. at 1928.   To establish "actual innocence," Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of*

*Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.

Petitioner has failed to meet this standard because, among other reasons, he has failed to provide any evidence – let alone new evidence -- that would suggest his innocence.  *See Rozzelle*, 672 F.3d at 1011. Petitioner's claim of trial error in admitting collateral crimes evidence is not the rare proof of actual innocence necessary to invoke the equitable exception established in *McQuiggan*.   *See McQuiggan*, 133 S.Ct. at 1928

*Martinez* and *Trevino* likewise afford Petitioner no relief.  In *Martinez*, the U.S. Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320.  Petitioner  is not asserting a claim of ineffective assistance of trial counsel, however.  *See* ECF No. 8. Moreover, the Eleventh Circuit has expressly rejected Petitioner's

argument that *Martinez* applies to overcome the AEDPA limitations bar.
*See Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) ("Because
Arthur's § 2254 petition was denied due to his complete failure to timely file
that § 2254 petition, the Supreme Court's analysis in *Martinez* and *Trevino*
of when and how 'cause' might excuse noncompliance with a state
procedural rule is wholly inapplicable here. . . . Thus, we also hold that the
reasoning of the *Martinez* rule does not apply to AEDPA's limitations period
in § 2254 cases or any potential tolling of that period."); *see also, e.g.,*
*Lambrix v. Sec'y, Dep't of Corr.*, 756 F.3d 1246, 1262-63 (11th Cir. 2014)
(explaining *"Martinez* does not alter the statutory bar against filing untimely
§ 2254 petitions"). Thus, Petitioner's reliance on *Martinez* and *Trevino* is
misplaced.

Therefore, for the foregoing reasons, Respondent's motion to dismiss
is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue
or deny a certificate of appealability when it enters a final order adverse to
the applicant," and if a certificate is issued "the court must state the
specific issue or issues that satisfy the showing required by 28 U.S.C. §
2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

The Order granting an extension of time until August 7, 2016, to reply to the motion to dismiss, ECF No. 32, is **WITHDRAWN**.

It is respectfully **RECOMMENDED:**

1.  That Respondent's Motion to Dismiss, ECF No. 24, be **GRANTED** and the petition for a writ of habeas corpus be **DISMISSED**; and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 19th  day of July 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.